[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10301

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL STEVEN BLASHINSKY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

D.C. Docket No. 6:20-cr-00019-WWB-GJK-1

_____

Before WILSON, ROSENBAUM, and BRANCH, Circuit Judges.

PER CURIAM:

Michael Blashinsky appeals his total sentence of 412 months' imprisonment for two-drug related counts, one count of possession of a firearm in furtherance of a drug-trafficking crime, and one count of possession of ammunition by a felon. Blashinsky argues that his sentence was procedurally and substantively unreasonable because the district court failed to properly balance and weigh the 18 U.S.C. § 3553(a) factors and placed improper emphasis on his prior criminal history in imposing the sentence. After review, we affirm.

## I.    Background

On September 21, 2020, Blashinsky pleaded guilty without a plea agreement to conspiracy to distribute and to possess with intent to distribute (Count 1), possession of drugs with intent to distribute (Count 2), possession of a firearm in furtherance of a drug-trafficking crime (Count 3), and possession of ammunition by a felon (Count 4). The presentence investigation report (PSI) indicated that Blashinsky had 19 convictions spanning from 1983 to 2018, but that he primarily served probation for these offenses or a few days in jail. Because of the time period requirements of the sentencing guidelines, however, many of Bachinsky's otherwise scorable prior offenses did not receive criminal history points in the calculation of his recommended guidelines sentencing range

because they occurred so long ago.[1]  The PSI also referenced other criminal conduct for which Blashinsky was arrested but never prosecuted.[2]

Blashinsky's resulting guidelines range was 352 to 425 months' imprisonment.  The statutory terms of imprisonment were ten years to life on Counts 1 and 2, five years to life on Count 3 (to be imposed consecutively to any other term imposed), and a maximum of ten years on Count 4.

Blashinsky objected in writing to the inclusion of any criminal conduct in the PSI for which he was not prosecuted.  At the sentencing hearing, Blashinsky asked the district court to disregard any criminal conduct for which he was not prosecuted, while acknowledging that the rules allow for such information to be included in the PSI.  The district court overruled Blashinsky's

---

[1] For instance, Blashinsky had a 1998 Ohio conviction for possession of LSD, a 2000 Ohio conviction for assault, a 2001 Florida conviction for driving under the influence, and a 2009 conviction for possession of cocaine, all of which did not score criminal history points due to the age of the convictions.  *See* U.S.S.G. § 4A1.2(e)(3) (providing that prior offenses that fall outside of certain time frames are not counted for criminal history purposes).

[2] These arrests occurred in Florida and included possession of cocaine in 2008; aggravated assault with a deadly weapon and battery (domestic violence) in 2013; tampering with a witness and resisting an officer without violence in 2013; battery (domestic violence) in 2014 and 2018; sale/delivery of Fentanyl in 2019; aggravated assault with a weapon, felony battery, and robbery (sudden snatching) in 2019; and sale/delivery of Fentanyl and possession of Fentanyl in 2019.

objection because such information is allowed to be in the PSI but explained that it was not going to give any weight at sentencing to criminal conduct for which he was not prosecuted.

Blashinsky then argued that the 15-year minimum mandatory term that he faced based on Counts 1, 2, and 3 was more than sufficient to meet the purposes of sentencing under the 18 U.S.C. § 3553(a) factors. Therefore, he requested a below-guidelines sentence. The government requested that Blashinsky receive a sentence within the guidelines range.

The district court stated that it considered the § 3553(a) factors, including the seriousness of the underlying drug offenses and Blashinsky's lengthy criminal history spanning decades and involving numerous drug offenses. The district court then sentenced Blashinsky to a total of 412 months' imprisonment, to be followed by five years of supervised release. Blashinsky objected generally that the sentence was procedurally and substantively unreasonable. This appeal followed.

## II.    Discussion

Blashinsky argues that his sentence is procedurally and substantively unreasonable because the district court relied on his prior offenses that did not receive any criminal history points, improperly weighed and balanced the § 3553(a) factors, and implemented a sentence that was greater than necessary to achieve the goals of the § 3553(a) factors.

Generally, we review a sentence for both procedural and substantive reasonableness under a deferential abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence can be procedurally unreasonable if, among other things, the district court "fail[s] to consider the § 3553(a) factors." *Id.* Although the district court is required to consider the § 3553(a) factors, it is not required to "state on the record that it has explicitly considered each" of them or "to discuss" each of them. *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013) (quoting *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005)). Instead, an acknowledgement by the district court that it considered the § 3553(a) factors is sufficient. *United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020).

Here, Blashinsky's sentence is not procedurally unreasonable because the district court explicitly stated that it considered the § 3553(a) factors. Further, the district court thoroughly explained its consideration of the § 3553(a) factors such as the nature, severity, and circumstances of the offenses and Blashinsky's criminal history.

When reviewing for substantive reasonableness we consider the totality of the circumstances and the party challenging the sentence bears the burden of establishing that it is unreasonable based on the facts of the case and the § 3553(a) factors. *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018). A district court abuses its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or

irrelevant factor significant weight, or (3) "commits a clear error of judgment in considering the proper factors." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (quotation omitted). Importantly, the weight given to a particular § 3553(a) factor "is committed to the sound discretion of the district court," and the district court is not required to give "equal weight" to the § 3553(a) factors. *Id.* at 1254 (quotation omitted).

Because such an abuse of discretion infrequently occurs, "it is only the rare sentence that will be substantively unreasonable." *Id.* (quotation omitted). We will "vacate the sentence if, but only if, we 'are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'" *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)).

Here, the district court's sentence is substantively reasonable. The record confirms that the district court considered the § 3553(a) factors. Although Blashinsky may disagree with how those factors were weighed, the weight afforded to each factor "is committed to the sound discretion of the district court." *Rosales-Bruno*, 789 F.3d at 1254 (quotation omitted). To the extent Blashinsky's argument that the district court erred in considering prior offenses that received no criminal history points refers to the criminal conduct for which he was not prosecuted, the district court explicitly stated that it was not considering "for any weight

in sentencing" any "arrests where [Blashinksy] was not prose-cuted." To the extent that Blashinsky refers to the district court's consideration of his prior convictions for which he received no criminal history points, we note that he never objected on this basis in the district court. Regardless, the district court was required to consider these prior convictions as part of the "history and charac-teristics of the defendant" as stated in § 3553(a)(1). And the district court was entitled to give more weight to this factor. *Rosales-Bruno*, 789 F.3d at 1254.

Furthermore, the court did not commit a clear error of judg-ment. Blashinsky pleaded guilty to conspiracy and possession of large quantities of drugs and possession of a firearm in relation to a drug-trafficking crime and possession of ammunition by a felon—serious offenses. Moreover, Blashinsky's total 412-month sentence is within the guidelines range and below the statutory maximum of life, both of which are indicators of reasonableness. *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) ("Although we do not automatically presume a sentence within the guidelines range is reasonable, we ordinarily expect [such a sentence] . . . to be rea-sonable." (quotation omitted)); *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (explaining that a sentence that is below the statutory maximum is another indicator of reasonableness).

Accordingly, we conclude that Blashinsky's total 412-month sentence is both procedurally and substantively reasonable, and we affirm.

**AFFIRMED.**